Parker, C. J.
There is, unquestionably, a seeming hardship in considering the appellant as a grantor and covenantor, in his deeds to the person for whom he was transacting the business merely as an agent. But hé placed himself in a situation where he must suffer, unless he can be relieved consistently with the rules of law. To admit the evidence offered by him, would be to permit him directly to contradict his deed. In that he declares himself to be the owner of the land, and to have lawful right to convey it; and his express and unequivocal covenants would be defeated by verbal declarations — contrary to the intent of our statutes, and the principles of the common law, which alike prohibit the provisions of solemn instruments to be impaired or defeated by paroi testimony.
Nor have we more enlarged jurisdiction for the application of principles of equity, when exercising appellate authority as a court of probate, than we should have as a court of common law; for the rules of evidence, as well as of property, bind us equally in either capacity, except where, by statute, a difference is made; and we know of no statute provision applicable to this case.
If the appellant suffers, it is because he was incautious in the mode of conducting his business. To give him relief in the form proposed, would be opening a door to all the mischiefs which the wisdom of the common law, and the discretion of our own legislature, have thought it necessary to close, although, by so doing, some meritorious claims may be shut out. (a)

Decree affirmed

 Baker vs. Dewey, 1 B. & C. 704. — Rowntree vs. Jacob, 2 Taunt. 141.— Gris wold vs. Messinger, 6 Pick. 517. — Emery vs. Chase, 5 Gr. 232. — Sed vide Wilkinson vs. Scott, 17 Mass. Rep 249. — Bowen vs. Bell, 20 Johns. 338.